UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**BRIAN J. STRAPP 05-B-3130,**

                **Plaintiff,**

            -vs-                                        11-CV-690S

**C.O. J. SMITH,**
**C.O. STRITMATTER, and**
**C.O. KASTNER,**
                **Defendants.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #7

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging use of excessive force, on August 16, 2011. Dkt. #1. Defendants moved to dismiss on June 14, 2012. Dkt. #5. By Text Order entered June 15, 2012, plaintiff was directed to respond to the motion no later than July 20, 2012. Dkt. #6. Plaintiff has not responded to defendants' motion. New York State Department of Corrections and Community Supervision Inmate Information indicates that plaintiff was discharged from custody on June 22, 2012. Plaintiff has not provided the Court with an updated address.

By Order to Show Cause entered December 27, 2012, plaintiff was Ordered to Show Cause why his case should not be dismissed for failure to prosecute and warned that failure to comply with the Order would result in the dismissal of this action with prejudice pursuant to Fed.R.Civ.P. 41(b). Dkt. #8. The Order to Cause was returned as undeliverable.

## DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted). As a result, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

Plaintiff has had no communication with the Court since September 5, 2011, when he consented to assignment of his case to the undersigned. Dkt. #7. Although the Text Order directing plaintiff's response to defendants' motion to dismiss was filed prior to plaintiff's

release from custody, and that Text Order was not returned to the Court, plaintiff failed to respond to the motion to dismiss. Accordingly, the Court can only conclude that plaintiff has abandoned the prosecution of his claim.

To hold this action in abeyance until plaintiff deigns to contact the Court would undermine the Court's ability to manage its caseload and prejudice defendants' interest in resolving the allegations against them. The Court cannot fathom any lesser sanction than dismissal which could preserve the integrity of the Court's authority over indigent, *pro se* litigants such as plaintiff. To permit plaintiff's case to be held in abeyance until such time as plaintiff reestablishes contact with the Court would eviscerate the semblance of any procedural standards for *pro se* plaintiffs.

## CONCLUSION

Based on the foregoing, this matter is dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b).

**SO ORDERED.**

**DATED:** Buffalo, New York
February 26, 2013

       *s/ H. Kenneth Schroeder, Jr.*
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge